Christian, J.,
delivered the opinion of the court.
This case is before us upon a writ of error to a judgment of the circuit court of Henry county.
The action was debt upon a bond signed, or purporting to be signed, by four obligors. The bond was payable to H. C. France, who assigned it to Mrs. Susan S. Penn, the appellant here.
*338 The bond is in the following form:
On or before the 10th day of October, 1867, with interest from date, we promise to pay H. O. France the just and full sum of seven hundred dollars, for value received.
Witness the following signatures and seals, this the 28d day of November, 1866.
Jno. T. Hamlett, [Seal.] Wm. S. Reed, [Seal.] G-eo. S. Hairston, [Seal.] M. F. Gravely, [Seal.]
To the action on this bond, two of the defendants, Geo. S. Hairston and M. F. Gravely, pleaded non est facium.
TJpon the trial of the issue made on this plea, the jury found a special verdict in the following words:
We, the jury, do find the following facts proved, viz: That the defendant, John T. Hamlett, in a negotiation with France, the obligee, for the purchase of several mules at a price which was not agreed on, said Hamlett was required by said France to give a bond with good security for whatever might be agreed upon as the price; which Hamlett promised to procure and deliver to him. That the said Hamlett sometime afterwards applied to the defendants, George S. Hairs-ton and William S. Reed, to become securities on such bond; and at a meeting of said Hamlett, Reed and Hairston, all present, Hamlett stating that he wished to show to France that he could give as good a bond as any man in Henry, that the prices of the mules had not been agreed on, but would not exceed seven hundred and fifty dollars, and he thought might *339 "be seven hundred dollars; and assuring said Hairston and Reed that if they would become sureties, he would procure Mrs. Matilda Gravely, Benjamin Gravely, C. Y. Thomas, and D. W. Reamy, to join as sureties on the bond, the said Reed and Hairston did then, on the -day of-, sign their names with said Hamlett on a blank piece of paper, with only the names of Hamlett, Reed and Hairston, with seals to each name, with the express agreement and assurance of said Hamlett that he would fill out or write the body of the bond for an amount not exceeding $750, and would procure the names of B. F. Gravely, O. Y. Thomas, and D. W. Reamy, and that the paper with the said three names and seals was delivered to the said Hamlett, to be delivered as their bond only when said names were added; that said defendant, Matilda Gravely, afterwards signed said blank with a seal to her name, with the understanding and upon condition that the said Hamlett add the names of G. Y. Thomas and B. F. Gravely, which he promised to do; 'but said Hamlett took said paper and saw said France, made a satisfactory arrangement with • said France, and then wrote the body of said paper over the names and seals of said Hamlett, Reed and Matilda Gravely, and delivered it to said France. That after the bond had been filled out and delivered to France, Hamlett voluntarily and without the knowledge of the defendants executed a deed of trust to indemnify the defendants, under which nothing could be realized for the purposes of the deed. But whether or not, upon the matter aforesaid, the issue joined be for the plaintiff or for the defendants, the jury do not know, and therefore they pray the advice of the court; and if upon the whole matter it should seem to the court that the issue is for the plaintiff, then the jury find for the *340 plaintiff upon said issue the debt in the declaration mentioned, with interest from the 23d of November^ 1866. But if upon the whole matter aforesaid it seems to the court that the issue is for the defendants, then the jury find for the defendants upon the said issue.
Upon this special verdict the circuit court held that the matters of law arising thereon was for the defendants Hairston and Gravely, and accordingly gave judgment for these defendants upon the plea of non est factum.
It is to this judgment that a writ of error was awarded by this court.
The court is of opinion that there is no error in this judgment of the circuit court.
The appellees, Hairston and Gravely, with the other two obligors, not only signed their names upon condition that three others should sign with them, but it appears by the special verdict that when they signed their names and affixed their seals, it was upon a blank piece of paper, with no obligation or writing of any kind above their signatures. Such a paper was not the deed of the parties. It was a mere nullity. In Shepherd’s Touch-stone, page 54, the ancient rule of the common law is thus declared: “Every deed well made must be written; i. e., the agreement must be all written before the sealing and delivery of it; for if a man seal and deliver an empty piece of paper or parchment, albeit he do therein withal give commandment that an obligation or other matter shall be written in it, and this be done accordingly, yet this is no good deed.” See also 4 Comy. Digest 157; Plowd. 308; Coke Lit. 171. "We know of no decision by which this ancient .doctrine of the common law has been overruled.
*341 On the contrary, this rule of the common law has been often reaffirmed by this court as well as by the supreme courts of other states of the Union. Asberry v. Callaway, 1 Wash. 72; Harrison v. Tiernans, 4 Rand. 177; Rhea v. Gibson’s ex’or, 10 Gratt. 215; Ayres v. Hayne, 1 Ohio R. 368; Gilbert v. Anthony, 1 Yerger’s R. 69 Tenn.; Byers v. McClanahan, 6 Gill. & John. 250 Maryland. See also 2 Rob. Prac., new ed. 17, and cases there cited; Preston v. Hull, 23 Gratt. 600. These decisions (and there are none to the contrary) follow the ancient rule of the common law, and are founded on the following principles: Deeds are of a higher nature than parol contracts, and there are great and important distinctions between the operation and effect of these different species of contracts. The reason of which is, that the first are supposed to be made upon greater deliberation and with greater solemnity: they are first to be written, by which they are exempted from that uncertainty arising from the imperfection of memory, to which unwritten contracts must always be exposed; they are then to be sealed by the party bound; and, lastly, to be delivered, which is the consummation of his resolution. None of this deliberation and little of this solemnity is to be found in the signing and sealing of a blank piece of paper on which anything may afterwards be written, and whether with or without the consent of the party who signed it, must depend entirely on oral testimony, subject not only to the uncertainty arising from the imperfection of human memory, but exempted from those checks on perjury which would exist in a deed regularly executed, and which could only be altered by erasure or interlineation.
One of the essential requisites constituting a deed is, that it should be written, as well as signed, sealed *342 and delivered. The appellees in this case having (according to the special verdict) signed and sealed a blank piece of paper, were not bound, and the plea of' non est factum was a good plea. What was written over these signatures and seals did not bind them,, unless it could be shown that the authority to execute the writing and deliver the paper was given to another under seal. Nothing of this sort is pretended. The signing and sealing of a blank was not'their deed, but was a mere nullity, which could not bind them.
This view of the case makes it unnecessary to consider the argument or the authorities relied on by the learned counsel for the appellants. The cases of Ward v. Churn, 18 Gratt., and Nash v. Fugate, 24 Gratt, and other cases referred to by him, were decided on very different principles, which have no application to the case before us. We have here the simple case of a blank piece of paper signed and sealed by the appellees, and written over by another, and delivered by another without authority under seal to make such, writing and delivery,—such a paper is no deed; and the circuit court did not err in so declaring.
In the recent ease of Preston v. Hull, cited supra, judge Staples, in an elaborate opinion, in which he reviews many of the English and American cases, conclusively shows that the law is well settled, that a paper not complete on its face, to the extent of having a blank which is essential to be filled in order to-make it a perfect deed, is not the deed of the parties;, and that authority by parol to an agent to fill such blank does'not make the instrument a valid deed.. Such authority must itself be under seal.
This case is decisive of the one under consideration.. If, as was held by this court in Preston v. Hull, a bond in which the name- of the obligee was blank when *343 it was signed by the parties, was not their deed, and that no authority by parol to fill the blank could make it valid, certainly a signature and seal on a blank piece of paper, afterwards written over without authority, or by parol authority, is not a good deed.
But the court is further of opinion, that the said circuit court erred in entering a judgment in favor of the defendant Hamlett. As to him the bond was a valid instrument,—it having been written, signed, sealed and delivered by him. He is therefore bound by it, though the other defendants cannot be held liable.
Judgment reversed as to Hamleit, arrirmed as to THE OTHER DERENDANTS.